(115 App. Div. 42)

NEW YORK MARKET GARDENERS' ASS'N v. ADAMS DRY GOODS CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1906.)

1. ACTION—TROVER—WAIVER OF TORT.

    Plaintiff and defendant entered into a contract to continue for one year, whereby plaintiff was to conduct a horticultural department in defendant's store. Before the expiration of the year, defendant canceled the contract and refused to surrender the goods in the horticultural department. *Held*, that plaintiff was entitled to waive the conversion of the goods and sue for their value.

    [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, §§ 198–203.]

2. DAMAGES—BREACH OF CONTRACT.

    Plaintiff was entitled to damages resulting directly and proximately from the breach of the contract and within the contemplation of the parties.

Appeal from Trial Term, Richmond County.

Action by the New York Market Gardeners' Association against the Adams Dry Goods Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and GAYNOR, JJ.

Beno B. Gattell (Thomas D. Adams, on the brief), for appellant. William D. Gaillard, for respondent.

WOODWARD, J. The plaintiff and defendant entered into a written contract on the 20th day of January, 1902, under the terms of which the plaintiff was to occupy space on the grocery floor of the defendant's department store, and there to conduct a horticultural department for the term of one year. This department was to belong to the plaintiff, but so far as the public were concerned, it was part and parcel of the defendant's store and stock. The plaintiff was assigned space on the grocery floor and entered into possession, conducting business for several months, when the defendant, without the consent of the plaintiff, moved the stock to another part of the same floor, the plaintiff acquiescing upon the promise of the defendant that the stock should be restored to its original position in the fall. Under the terms of the contract the defendant was to have 25 per cent. of the gross sales, but in no

event was the rental to be less than $2,000 for the term. During the summer of 1902 the defendant's president and manager told the plaintiff that he considered the contract at an end, as canceled, and reiterated this statement in the presence of a witness, and plaintiff withdrew from the store and sent a cartman for his goods. The defendant refused to surrender the goods, and this action was brought to recover damages for a breach of this contract, resulting in a verdict for the plaintiff, and the defendant appeals from the judgment entered upon such verdict.

The case is somewhat involved in its facts, but a careful examination of the record fails to disclose any ground which would justify a reversal of the judgment. The defendant in refusing to surrender to the plaintiff the stock of goods which concededly belonged to him, converted the same to its own use, and negatived the suggestion of the defendant that there was a mutual agreement as to the cancellation of the contract, for it is not claimed that the plaintiff agreed to give his stock of goods as a condition of the contract being annulled. Under this state of facts the plaintiff was clearly entitled to waive the tort and to collect the value of the goods withheld, and he was likewise entitled to recover any damages which he could show resulted directly and proximately from the breach of the contract, provided such damages were of a nature which might be deemed to have been within the contemplation of the parties in entering into the contract. Tried by this test, we are of opinion that the plaintiff was entitled to be reimbursed for the loss incident to the expenditures made in growing stock for the fall trade, and the various other items which entered into the transaction, much of the evidence in respect to these items being admitted without objection.

While it may be that owing to the nature of the case the damages were not capable of exact measurement, the defendant as a wrongdoer is in no position to take advantage of the fact, and, under the authorities in this state, the verdict of the jury seems entirely justified and well within the requirements of justice.

The judgment and order appealed from should be affirmed, with costs. All concur.